EDITH H. JONES, Chief Judge,
concurring in part and dissenting in part:
This prosecution was brought to prove that Michael Harms was failing to report outside compensation while he received federal workers’ compensation after an injury suffered on the job as an air traffic controller. It is, in my view, a very close case, because Harms was clearly trying to steer within the letter of the reporting requirements while keeping afloat the charitable enterprise Challenge Air. His defense thus centered around the contention that he received only reimbursement of expenses that he incurred at Amber for the benefit of Challenge Air; reimbursement of expenses is not compensation for work performed, nor is it “volunteer work for compensation.” The Office of Workers’ Compensation Programs, he reasonably contends, was only interested in compensation, ie., receipt of funds for work performed that would potentially offset the worker’s federal benefits.
Harms took the stand in his own defense, as did his retired minister father. While there was considerable competing testimony about the nature of some of the payments Harms received, the government never tackled Harms’s proof that he received only reimbursements for expenses from Challenge. A rational jury could have found reasonable doubt about the government’s case. What turned the tide, I believe, were three significant rulings. First, the court allowed the government to prove only that Harms received “funds,” not compensation for work performed, from Challenge. Second, the court refused to admit numerous exhibits — other government forms — showing that Harms never concealed his aviation activities from either the Department of Labor or the FAA or his treating physicians. This evidence was relevant to Harms’s state of mind when he filled out the forms at issue here. Third, the court refused to admit medical evidence concerning Harms’s disability, stating that it would confuse the jury and invite a verdict based on sympathy. The prejudice to Harms from this refusal was compounded when the government lawyer outrageously implied, in her closing rebuttal argument, that Harms’s disability was fake. There was no justification for the government’s blatant attempt to poison the well in this way— unless it, too, doubted the strength of its case on the evidence before the jury.
Based on these trial errors, I would vacate the conviction and remand for a new trial. Accordingly, I respectfully dissent from the affirmance of the conviction, but I concur with the decision to remand for resentencing.